IN RE AMENDMENT OF RULE TWO OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE AMENDMENT OF RULE TWO OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE AMENDMENT OF RULE TWO OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW
2020 OK 78
Case Number: SCBD-6961
Decided: 09/28/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 78, __ P.3d __

 

In Re: Amendment of Rule Two of the Rules Governing Admission to the Practice of Law, 5 O.S. 2011, Ch. 1, app. 5

ORDER

This matter comes on before this Court upon an Application to Amend Rule Two, Sections 1 and 5 of the Rules Governing Admission to the Practice of Law, 5 O.S. 2011, Ch. 1, app 5. This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibit A attached hereto, effective immediately.
DONE BY THE SUPREME COURT IN CONFERENCE this 28th day of September, 2020.

/S/CHIEF JUSTICE
ALL JUSTICES CONCUR


 
_EXHIBIT A
Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.
(1) _For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.
The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:
Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status in by a reciprocal state, and have engaged in the actual and continuous practice of law under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned under the supervision and subject to the disciplinary requirements of in multiple reciprocal states may be combined.
For the purposes of this section, "practice of law" shall mean:
(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;
(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;
(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;
(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;
(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or
(f) Any combination of the above.
The period of the "practice of law" as defined above in subparagraphs 1(a) through 1(f) shall have occurred outside the State of Oklahoma under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court in a reciprocal state. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination without having later passed such examination.
An attorney practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience were acquired in Oklahoma.
Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.
Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.
Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the Rules are more stringent and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state. If the applicant's actual and continuous practice for the past five of seven years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite five of seven years of actual and continuous practice.
Section 5. Any person who is admitted to the practice of law in a reciprocal state and who remains under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court who becomes a resident of Oklahoma to accept or continue employment by a person, firm, association or corporation engaged in business in Oklahoma other than the practice of law, whose full time job is, or will be, devoted to the business of such employer, and who receives, or will receive, his or her entire compensation from such employer for applicant's legal services, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, if the applicant would be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court, and so long as such person remains in the employ of, and devotes his or her full time to the business of, and receives compensation for legal services from no other source than applicant's said employer. Upon the termination of such employment or transfer outside the State of Oklahoma, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to practice law in this state pursuant to some other rule.
The application must comply with Section 2 of Rule Two and be accompanied by a certificate from the clerk of the highest appellate court of the state in which the applicant last practiced, showing that applicant has been admitted, and is a member in good standing of the bar of that state; and a certificate from the employer of such applicant showing applicant's employment by such employer and that applicant's full time employment will be by such employer in Oklahoma. The Special Temporary Permit shall recite that it is issued under this Rule, and shall briefly contain the contents thereof. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. An attorney practicing in Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, Section 2, Admission Upon Motion, if any of the five of the seven years immediately preceding of actual and continuous practice experience were acquired in Oklahoma under a Special Temporary Permit.
_EXHIBIT A
Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.
(2) For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.
The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:
Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status by a reciprocal state, and have engaged in the actual and continuous practice of law under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned under the supervision and subject to the disciplinary requirements of multiple reciprocal states may be combined.
For the purposes of this section, "practice of law" shall mean:
(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;
(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;
(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;
(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;
(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or
(f) Any combination of the above.
The period of the "practice of law" as defined above in subparagraphs 1(a) through 1(f) shall have occurred outside the State of Oklahoma under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination without having later passed such examination.
An attorney practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience were acquired in Oklahoma.
Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.
Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.
Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the Rules are more stringent and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state. If the applicant's actual and continuous practice for the past five of seven years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite five of seven years of actual and continuous practice.
Section 5. Any person who is admitted to the practice of law in a reciprocal state and who remains under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court who becomes a resident of Oklahoma to accept or continue employment by a person, firm, association or corporation engaged in business in Oklahoma other than the practice of law, whose full time job is, or will be, devoted to the business of such employer, and who receives, or will receive, his or her entire compensation from such employer for applicant's legal services, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, if the applicant would be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court, and so long as such person remains in the employ of, and devotes his or her full time to the business of, and receives compensation for legal services from no other source than applicant's said employer. Upon the termination of such employment or transfer outside the State of Oklahoma, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to practice law in this state pursuant to some other rule.
The application must comply with Section 2 of Rule Two and be accompanied by a certificate from the clerk of the highest appellate court of the state in which the applicant last practiced, showing that applicant has been admitted, and is a member in good standing of the bar of that state; and a certificate from the employer of such applicant showing applicant's employment by such employer and that applicant's full time employment will be by such employer in Oklahoma. The Special Temporary Permit shall recite that it is issued under this Rule, and shall briefly contain the contents thereof. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. An attorney practicing in Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, Section 2, Admission Upon Motion, if any of the five of the seven years immediately preceding of actual and continuous practice experience were acquired in Oklahoma under a Special Temporary Permit.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 5. Attorneys and the State Bar
 Cite
Name
Level

 5 O.S. Rule 2, Admission Upon Motion Without Examination
Cited


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA